PEOPLE v COOPER

Docket No. 45886. Submitted June 8, 1981, at Lansing.—Decided
November 16, 1981.

Debra L. Cooper and a codefendant were charged with uttering
and publishing. At a joint jury trial in Ingham Circuit Court, a
prosecution witness volunteered testimony concerning a state-
ment made by Cooper inculpating the codefendant. James R.
Giddings, J., denied the motion to dismiss by both defendants
but indicated that he would grant a mistrial if the defendants
desired or, in the alternative, would give a cautionary instruc-
tion to the jury. The codefendant indicated his desire to have a
mistrial declared. Both defendant and her counsel indicated
that they did not care either way. The trial judge treated
defendant's equivocation as being that she did not want the
mistrial and then proceeded to grant a mistrial as to both
defendants on the basis that, where one of two codefendants
wants a mistrial, mistrials should be granted as to both code-
fendants. Prior to her retrial defendant moved to dismiss the
charges against her on double jeopardy grounds. The motion to
dismiss was denied. Defendant was retried and was found
guilty of attempted uttering and publishing, James R. Giddings,
J. Defendant appeals. *Held:*

It was an abuse of discretion by the trial court to declare a
mistrial as to defendant on the basis that the codefendant
wanted a mistrial without first investigating the possibility of
severance of the two trials. Since this case was not so complex
as to preclude severance of the trials of the two defendants, the
codefendant's desire for a mistrial did not establish manifest
necessity for a declaration of a mistrial as to this defendant.
Since the trial court treated the ambiguous statements of
defendant as a denial of consent by defendant, the Court of
Appeals will not consider whether those statements might have
been considered to amount to consent. There being neither

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 21 Am Jur 2d, Criminal Law §§ 285–287.

What constitutes accused's consent to court's discharge of jury or to
grant of state's motion for mistrial which will constitute waiver
of former jeopardy plea. 63 ALR2d 782.

consent by the defendant to the mistrial nor a showing of manifest necessity for the mistrial, the retrial of defendant constituted double jeopardy.

Reversed.

1. CRIMINAL LAW — DOUBLE JEOPARDY.

The state is precluded from bringing to trial for the same offense a defendant who has already been placed in jeopardy for that offense unless the prior trial was terminated by a mistrial consented to by the defendant or by a mistrial granted because of manifest necessity.

2. CRIMINAL LAW — DOUBLE JEOPARDY — MISTRIALS.

It is an abuse of discretion for a trial court to declare a mistrial as to the codefendant of a defendant who has requested a mistrial where the trial judge does not investigate the possibility of remedies other than a mistrial relative to the codefendant not consenting to the mistrial; the mere fact that one codefendant consents to a mistrial and the other codefendant does not consent to the mistrial does not establish manifest necessity for a mistrial as to the nonconsenting codefendant where there is no showing that the case is so complex as, in the interest of fairness, to preclude severance of the trials of the codefendants.

3. CRIMINAL LAW — DOUBLE JEOPARDY — MISTRIALS — APPEAL.

Ambiguous statements by a defendant as to whether he consents to the declaration of a mistrial will not be considered on appeal to be indications of consent to the mistrial where the trial court treated such statements as denial of consent and proceeded to declare the mistrial on the basis of manifest necessity.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, *Janis L. Blough,* Chief Appellate Attorney, and *Barbara K. Hamm,* Assistant Prosecuting Attorney, for the people.

*Emery & De Vine,* for defendant.

Before: DANHOF, C.J., and M. F. CAVANAGH and D. R. FREEMAN,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

D. R. FREEMAN, J. Defendant appeals by right her conviction by a jury of attempted uttering and publishing, MCL 750.249; MSA 28.446 and MCL 750.92; MSA 28.287. Although defendant raises several claims of error on appeal, we only address her claim that her prosecution was barred by the constitutional guarantee against double jeopardy.

Defendant and Ivan Horton were jointly charged with uttering and publishing. At their first joint trial, a mistrial was declared with the consent of both defendants. At their second trial, a prosecution witness volunteered testimony concerning a statement by appellant inculpating her codefendant. The trial judge denied a motion by both defendants for dismissal. The following discussion then took place:

"*The Court:* * * * At this point it appears to this court that the proper remedy is to grant a mistrial in this case, if the defendants wish. Now, will you discuss that matter with your clients. If they wish a mistrial, I will grant it. If they don't wish the mistrial, then I will handle it with a cautionary instruction to the jury panel. Okay.

"*Mr. Williams:* Your Honor, may it please the court on behalf of defendant Horton I have discussed the court's comments with him and it is his position at this time that he does desire that the court grant a mistrial and ask the court to do so at this point.

"*The Court:* Is that correct, Mr. Horton?

"*Defendant Horton:* Yes, your Honor.

"*The Court:* Mr. Rasmusson?

"*Mr. Rasmusson:* I have discussed this with Ms. Cooper and her feelings are the same as mine. She doesn't care either way. I don't really have a recommendation to her.

"*The Court:* What does she want to do? She has to make a decision. You don't care either way? Is that correct, Ms. Cooper?

"*Defendant Cooper:* Yes, your Honor.

"*The Court:* You are neither for it nor against it, is that correct?

"*Defendant Cooper:* Yes, sir."

The trial judge then declared a mistrial, stating:

"*The Court:* Because one of the defendants wants the mistrial and one doesn't want it, being tried together I have no alternative, as I understand the law but to grant the mistrial. Because obviously, one wants it that it is the court's opinion it has to be granted with double defendants or two defendants. You will have to reschedule it, to retry it. Bond continues for Mr. Horton.

"*Mr. Steel:* Thank you, your Honor.

"*Mr. Williams:* Thank you, your Honor."

Before her third trial, defendant moved for dismissal on double jeopardy grounds. Her motion was denied, she was tried and convicted, and she raises the same claim on appeal.

The Fifth Amendment to the United States Constitution and article 1, § 15 of the 1963 Michigan Constitution forbid the state from twice putting a person in jeopardy for the same offense. *People v Alvin Johnson,* 396 Mich 424, 430; 240 NW2d 729 (1976). The scope of the constitutional guarantee against double jeopardy is the same under both the United States and Michigan Constitutions. *Id.,* 430, fn 2, *In re Ascher,* 130 Mich 540, 545; 90 NW 418 (1902). Once a defendant has been placed in jeopardy, unless he or she consents to a mistrial or one is manifestly necessary, the state is precluded from again bringing him or her to trial for the same offense. *People v Alvin Johnson, supra,* 431.

On appeal, defendant claims the judge erred by holding that a mistrial must be declared as to codefendants when one wishes a mistrial and the

other one does not. We agree. In *People v Alvin Johnson, supra,* Johnson claimed his retrial was barred after a mistrial was declared at the behest of his codefendant. The Court carefully analyzed the need for, or consent to, a mistrial without considering the issue of the codefendant's consent. The analysis made by the *Johnson* Court strongly suggests that the grant of a mistrial to one codefendant does not constitute manifest necessity for the grant of a mistrial to another one. This view is bolstered by decisions from other jurisdictions which have directly addressed the question. *United States v Alford,* 516 F2d 941 (CA 5, 1975), *United States v Glover,* 506 F2d 291, 298 (CA 2, 1974), *Thomas v Beasley,* 491 F2d 507, 510 (CA 6, 1973), *cert den* 417 US 955; 94 S Ct 3083; 41 L Ed 2d 674 (1974), *United States v Walden,* 448 F2d 925, 929 (CA 4, 1971), *Jones v Commonwealth,* — Mass —; 400 NE2d 242 (1980). Courts which have refused to sever joint trials when a mistrial must be declared as to one defendant and have upheld the declaration of a mistrial as to all defendants have based their decision on the complexity of the case. In a complex, multi-defendant case, fairness to all defendants may preclude severance in some circumstances. *United States v Smith,* 390 F2d 420, 422-424 (CA 4, 1968), *Oelke v United States,* 389 F2d 668, 672, fn 5 (CA 9, 1967), *cert den* 390 US 1029; 88 S Ct 1420; 20 L Ed 2d 286 (1968), *United States v Chase,* 372 F2d 453, 465-466 (CA 4, 1967), *cert den* 387 US 907; 87 S Ct 1688; 18 L Ed 2d 626 (1967).

The present case is not a complex case. There was no showing of complexity before the decision was made to abort the trial for manifest necessity. Although considerable deference will be accorded a trial judge's determination that manifest necessity

exists, the determination cannot be upheld where the error could have been cured by a less drastic remedy. *People v Stevens,* 91 Mich App 422, 428; 283 NW2d 763 (1979). In this case, severance would have been an appropriate and adequate remedy. By declaring a mistrial without investigating alternative remedies, the trial judge failed to engage in the scrupulous exercise of judicial discretion required to support a finding of manifest necessity. *People v Benton,* 402 Mich 47, 60; 260 NW2d 77 (1977). We conclude that manifest necessity justifying declaration of a mistrial without defendant's consent was not present.

On appeal, the prosecutor claims that retrial was not barred because defendant consented to the second mistrial. We disagree. Here, the trial judge asked defendant's counsel if defendant desired a mistrial. Counsel responded that defendant did not care either way and stated he had no recommendation for his client. The judge then stated the defendant had to make a decision and asked her directly: "You don't care either way? Is that correct, Ms. Cooper?" She said that was correct and the judge stated: "You are neither for it nor against it, is that correct?" She again said "Yes". From this exchange, the trial judge concluded that she did not want the mistrial. Although defendant and her counsel did not object to the mistrial when asked, they did not clearly and unambiguously assent to it. See *People v Alvin Johnson, supra,* 433. Under the circumstances, the trial judge's conclusion that defendant had not consented was prudent. If defendant had consented, she could have corrected the judge when he stated on the record that consent had been withheld. The ambiguous language used by defense counsel should have served as a "red flag" warning that

defendant might take advantage of any order granting a mistrial to claim retrial was forbidden by the bar on double jeopardy. See *State ex rel Williams v Grayson,* 90 So 2d 710, 714 (Fla, 1956). Under the circumstances, if the prosecutor intended to claim consent to retrial, it was incumbent upon him to object to the finding that consent had been withheld. The record is sufficiently ambiguous that we feel we must rely on the assessment of consent made by the trial judge at the time.

In reaching our decision we are aware of the decision of the New York Court of Appeals in *Harris v Justices of the Supreme Court, Kings County,* 44 NY2d 874; 378 NE2d 1048 (1978). In that case, one codefendant requested a mistrial. Asked to consent to the mistrial, counsel for the other codefendant stated that he and defendant stood "on the record". When repeatedly asked what he meant, he would not explain. The trial judge held him in contempt and declared a mistrial. A unanimous New York Court of Appeals found no double jeopardy bar to retrial. We find the present case clearly distinguishable because here the trial judge found that consent had not been given. In *Harris,* defense counsel was compelled to speak if he was to preserve his claim of nonconsent. In the present case, the judge found no consent and there was no reason for defendant to speak. In both cases, the trial judge prudently recognized the ambiguous statements of defense counsel as "red flags" warning that defendant might in the future claim the rule against double jeopardy barred retrial.

Having found neither consent nor manifest necessity for the declaration of a mistrial as to defendant, we find it was error to deny her motion to dismiss.

Reversed. Defendant discharged.